IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTONIO DUDLEY, § <br> (TDCJ-CID #567960) § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> TED BLANCHARD, *et al.,* § <br> § <br> Defendants. § | CIVIL ACTION H-13-3708 |

**MEMORANDUM ON DISMISSAL**

Antonio Dudley, a Texas Department of Criminal Justice inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in December 2013. Dudley, proceeding *pro se*, sues Ted Blanchard, facility director of the Southeast Texas Transitional Center ("STTC"); and E. J. Baptiste, assistant manager of security at STTC. Dudley alleged civil rights violations resulting from a denial of due process.

A habeas petition under 28 U.S.C. § 2254 is the proper remedy to challenge the fact or duration of his confinement, not to challenge the conditions of confinement or prison procedures. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). A suit under 42 U.S.C. § 1983 is the proper remedy to challenge the conditions of confinement or prison procedures. *See Carson*, 112 F.3d at 820; *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). If a petition combines habeas claims with § 1983 claims, and the claims can be separately treated, federal courts should do so. *Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). Because Dudley challenges the conditions of his

confinement and institutional procedures, his initial filing is properly read as a complaint under 42 U.S.C. § 1983.

The threshold issue is whether Dudley's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The court concludes that Dudley's claims are barred and dismisses this case. The reasons are explained in detail below.

Dudley alleges that on July 3, 2013, he was released on parole to the STTC. Dudley alleges that the defendants have created illegal rules on cell phone use at the STTC. He claims that the defendants confiscated his cell phone on November 21, 2013 and that on December 10, 2013, Officer Baptiste refused to return it because he "had gone over her head." Dudley alleges that Officer Baptiste's refusal was retaliatory and that he was illegally deprived of his property and illegally restrained as a result. Dudley seeks any relief to which he may be entitled.

Dudley has neither paid the $400.00 filing fee nor sought leave to proceed as a pauper. But a prisoner may not bring a civil action *in forma pauperis* in federal court if, while he was incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Before filing this action, while he was incarcerated, Dudley had at least three suits and one appeal dismissed as frivolous. *Dudley v. Williams,* 7:09-47 (N.D. Tex.) (dismissed as frivolous on March 31, 2009); *Dudley v. Williams,* 7:09-28 (N.D. Tex.) (dismissed for failure to state a claim on March 3, 2009); *Dudley v. Pratt, Appeal No.* 08-40696 (5th Cir.) (dismissed as frivolous on June 8, 2009) and *Dudley v. Pratt,* 6:08-17 (E.D. Tex.) (dismissed as frivolous on June 13, 2008). In this case, Dudley has not alleged, nor does his complaint

demonstrate, that he is in imminent danger of serious physical injury. Accordingly, Dudley is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

The Clerk is directed to redesignate this federal petition as a civil rights complaint. Dudley's constructive motion to proceed as a pauper, (Docket Entry No. 1), is denied. Dudley's complaint is dismissed under 28 U.S.C. § 1915(g).[1] Pending motions are denied. Dudley is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on January 31, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under § 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.